STATE OF SOUTH DAKOTA ex rel TOWN OF ISABEL, Plaintiff, v. SOUTH DAKOTA LIQUOR CONTROL COMMISSION, et al, Defendants.

(270 N. W. 642.)

(File No. 8019.   Opinion filed December 17, 1936.)

P. M. Burns, of Timber Lake, for Plaintiff.

Walter Conway, Atty. Gen., and J. T. McCullen, Jr., Asst. Atty. Gen., for Defendant.

RUDOLPH, J. This is an original proceeding in this court seeking to compel the South Dakota Liquor Control Commission to approve an application of the Town of Isabel for a class C license to engage in retail sale of intoxicating liquor. The Town of Isabel has a population of 430 according to the last federal census, and 420 according to the last state census. See section 6168, Rev. Code 1919. By the terms of sections 6164, 6165, 6166, and 6167, Rev. Code 1919, municipal corporations are divided into three different classes: First, those with the population of 5,000 are designated cities of the first class; second, those with a population between 500 and 5,000 are designated cities of the second class; and, third, those with a population of 500 or less are designated towns. It appears, therefore, that Isabel is a municipal corporation of the third class, and, under the provisions of section 6167, designated a town.

Section 6185 provides: "All municipal corporations of the third class shall be governed by a board of trustees; all municipal corporations of the first and second classes shall be governed either by a mayor and common council, with or without a city manager, or by a board of commissioners, with or without a city manager."

Under the commission form of government provision is made for a mayor. See article 6, chapter 3, part 8 of title 6, Rev. Code 1919 (section 6219 et seq.) Section 6285, Rev. Code 1919, provides for a city auditor in municipal corporations of the first and second class, and a town clerk in a municipal corporation of the third class.

The only provision of the intoxicating liquor law, chapter 134, Laws 1935, authorizing the issuance of a license to engage in the liquor business to a municipal corporation, is that portion of section 43, c. 134, which provides as follows: "Further, that upon a petition signed by fifteen per cent of the legal freeholders and voters voting at the last election for Mayor calling for an election to submit the question: 'Shall a license for the sale of intoxicating liquors be issued in the name of the city or a corporation representing the same?' said petition to be filed in the office of the City Auditor. Upon the filing of such petition the governing body shall call such an election following the provisions of the Revised Codes of the State of South Dakota, pertaining to elec-

tions in municipalities, and if such question be decided in the affirmative by a majority vote, then the governing body shall endorse such city's application when presented and the license shall be issued to the city or its representative under the provisions of this act, and no other license shall be issued in such municipality so long as such municipality continues in such business. The expenditure of any fund by any such municipality in establishing or maintaining such business is hereby legalized and shall not be in violation of any laws of this state."

It will be noted that the said section 43 requires the petition for the election to be signed by a percentage of those voting for mayor and filed with the city auditor. The Town of Isabel contends that, even though it is a municipal corporation of the third class, and as such designated by our Code as a town, which has neither a mayor nor a city auditor among its officials, nevertheless it should be entitled to a license to sell intoxicating liquor under the provisions of the above-quoted portion of section 43. It seems clear to us that unless we can read into the said section 43 a legislative intent to make such section applicable to towns or municipalities of the third class, the said section by its terms applies only to cities which elect a mayor and which have an officer designated as a city auditor. Such is the clear import of the words used in the said section.

A perusal of the said chapter 134 indicates that the Legislature had quite clearly in mind the distinction heretofore pointed out between the various classes of municipalities, as provided in our Code. In defining the term "municipalities," this law provides that it "shall mean any city, town, or village as defined, in the general law of this state regardless of the class thereof." Section 2. This classification of municipalities is recognized throughout the law, especially in section 4 thereof, which relates to the different classes of licenses to be issued. It would seem somewhat presumptuous for this court to say that, while the Legislature explicitly recognized in this law the different classes of municipalities, it failed, to recognize that only two of these classes elected a mayor and had an officer known as a city auditor. Section 46 of the act provides for an election whereby a municipality might prohibit the sale of intoxicating liquor on-sale. This section

refers to "any municipality," and requires the petition to inaugurate such election to be signed, not only by 15 per cent. of those voting last for mayor, as provided in section 43, but 15 per cent. "of the regularly registered voters" of the municipality. In this section 46 it is also expressly recognized that some municipalities have a city auditor and others a town clerk, for therein it is expressly provided that the petition for such election may be filed with either "the city auditor or town clerk." Certainly, it would appear, therefore, that the Legislature had in mind the different kinds of municipalities to be affected by the law and recognized the distinction created by the statutes in the officials which govern these different kinds of municipalities. We believe it follows therefore, that, when the said section 43 limited the petition that might be filed for the purpose of determining whether or not a city should engage in the business of selling intoxicating liquors by providing that such petition should be signed by a certain percentage of those voting for mayor and filed with the city auditor, it very definitely limited the municipalities which might engage in the business to the classes which elect a mayor and have among their officials a city auditor.

We find nothing in the law, itself, indicating an intent to make the said section 43 applicable to municipalities of the third class or to towns as they are defined in our law, but it seems to us that the intention as it is read from other provisions of the law points toward the fact that the Legislature intended to make the said section 43 applicable only to those municipalities which elect a mayor and have a city auditor, and thereby exclude from its provisions municipalities of the third class or towns. In this connection it might also be noticed that the question propounded at the election, under the terms of the said section 43, has reference only to "the city," while a municipality of the third class under the express provisions of our law is denominated a town.

In the case of City of Pierre v. Siewert, 63 S. D. 485, 261 N. W. 42, 43, this court said that the said section 43 "sets up a valid and workable and sufficiently definite scheme for permitting a municipality to engage in retail liquor selling when the electors thereof have so voted." We think the above statement clearly construes the said section 43 as applicable to the City of Pierre

Case. There was no necessity in that case and obviously no intention of holding that the said section 43 permitted all classes of municipalities to engage in retail liquor selling.

The alternative writ issued herein is dismissed.

All the Judges concur.